IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FLEXON GmbH and FLEXON USA, LLC,

      Plaintiffs,

  v.

PACIFIC INDUSTRIES, INC.,

      Defendant.

No. CV 08-668-MO

OPINION & ORDER

**MOSMAN, J.**,

      Plaintiffs Flexon GmbH and Flexon USA ("Flexon") challenge defendant Pacific Industries's ("Pacific") use of an ELITE trademark. Flexon brought suit against Pacific alleging: (1) Unfair Competition - False Designation of Origin under 15 U.S.C. § 1125(a) and (2) Common Law Trademark Infringement and Unfair Competition. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Pacific filed an Amended Motion to Dismiss (#22) the False Designation of Origin claim. Because Flexon has sufficiently pled a protectable, senior interest in its ELITE trademark, I DENY Pacific's motion.

**BACKGROUND**

Flexon GmbH is a German company that develops, manufactures, and sells chains and related products under an ELITE trademark. (Compl. (#1) ¶ 3.) Since 2004, Flexon USA has operated in Indiana as Flexon GmbH's exclusive distributor in the United States. (*Id*. ¶ 5.) Flexon's chain products are sold throughout the United States. (*Id*. ¶ 7.) Because Flexon failed to file a declaration of continuous use of the ELITE trademark under 15 U.S.C. § 1058(a), its previously registered trademark was cancelled in May 1986. (*Id*. ¶ 13.) Since at least 1997, Flexon has used the ELITE trademark, continuously and nationwide, in the United States. (*Id*. ¶ 14.)

Pacific is a Delaware corporation with is principal place of business in Oregon. (*Id*. ¶ 6.) Pacific also sells chain products under an ELITE trademark, which are marketed and sold throughout the United States. (*Id*. ¶¶ 6, 8.) On September 17, 2002, the United States Patent and Trademark Office ("PTO") issued U.S. Registration No. 2,620,995 to Pacific for an ELITE mark for metal roller chains (Class 6). (*Id*. ¶ 16.)

On March 23, 2007, Flexon filed a request to extend its expired ELITE trademark. (*Id*. ¶ 15.) However, because Pacific had previously registered a similar mark in 2002, Flexon's application was denied by the PTO. (*Id*. ¶ 18.) Flexon contends that it is the senior user of the ELITE trademark. (*Id*. ¶ 22.)

**DISCUSSION**

I.     **Motion to Dismiss Standard**

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A federal claimant is not required to

detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Additionally, the court must accept all alleged material facts as true and construe them in the light most favorable to the non-moving party. *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003).

## II.    15 U.S.C. § 1125(a) Statutory Claim

Pacific contends that Flexon's 15 U.S.C. § 1125(a) Unfair Competition claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for lack of a cognizable legal theory. Pacific argues that its has a registered, incontestable ELITE trademark. In support of this position, Flexon submitted with its motion to dismiss an affidavit and website printouts from the PTO office with its registered mark. Because its trademark is incontestable, Pacific maintains, any claims brought by Flexon must necessarily arise under state common law, not federal statutory provisions. Pacific further argues that state common law claims require a clear identification of the state or territory from which the right arises. Therefore, Pacific argues, because Flexon has pled under the Lanham Act, federal statute 15 U.S.C. § 1125(a), and has not alleged the state localities in which it is a senior user, plaintiff has failed to properly plead its right based on state common law.

Flexon responds that the basis of Pacific's claim—the Murphy affidavit and printouts from the PTO website attached to the motion to dismiss—are improperly before the court at this stage of the litigation and should not be considered.

PAGE 3 OPINION & ORDER

### A.   The Registered ELITE Trademark

Generally, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)).  On a 12(b)(6) motion, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  Judicial notice under Federal Rule of Evidence 201 is one exception to this rule.  *Lee*, 250 F.3d at 689 ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of matters of public record." (internal quotation marks and citation omitted)).  "A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

Flexon acknowledges in its complaint that Pacific has a registered trademark.  (Compl. (#1) ¶ 16.)  Pacific included with its motion to dismiss PTO website print outs of the registration and affidavit status, and urges the court to take judicial notice of these documents.  While authenticity of the documents is likely not in dispute, I decline to take judicial notice of these documents.  In particular, taking judicial notice would require me to interpret the meaning of the registration and status as listed on the documents.  This would be inappropriate at this stage of the litigation, before Flexon has had an opportunity to address the implications of Pacific's registered trademarks.

Even if I took judicial notice of the PTO website print outs as evidence of Pacific's incontestable trademark, this is insufficient to dismiss the 15 U.S.C. ¶ 1125(a) claim.  The Lanham Act provides:

> [E]xcept to the extent, if any, to which the use of a mark registered on the principal register infringes a valid right acquired under the law of any State or Territory by use of a mark or trade name continuing from a date prior to the date of registration under this chapter of such registered mark, the right of the registrant to use such registered mark in commerce for the goods or services on or in connection with which such registered mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce, shall be incontestable.

15 U.S.C. § 1065.  After the five year period, the registrant is required to file an affidavit that the mark has been in continuous use for five consecutive years and is still used in commerce.[1]  *Id*. § 1065(3).

The Ninth Circuit has held that this statutory provision preserves state common law rights of a senior user as "[n]either the registration nor the incontestable status of the . . . mark affect[] ownership of the . . . mark, which (a jury could find) was acquired through use in the marketplace." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 979 (9th Cir. 2006) ("[A] trademark is a common law property right that exists independently of statutory provisions for registration." *(*quoting *Cal. Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1454 (9th Cir.1985))).  Therefore, a senior user has the right to enjoin a junior user "from using confusingly similar marks in the same industry and market." *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999) (citations omitted).  Moreover, "[e]ven if a junior user's mark has attained incontestable status, such status does not cut off the rights of a senior user." *Butkus v. Downtown Athletic Club of Orlando*, 2008 WL 2557427, at *6 (C.D. Cal. 2008) (quoting *Marshak v. Treadwell*, 240 F.3d 184, 198 n.10 (3rd Cir. 2001).

Here, the affidavit and website registration suggest that Pacific has an incontestable

---

[1]There are three additional requirements after the five year period, none of which are relevant here.

PAGE 5 OPINION & ORDER

ELITE trademark. However, having an incontestable trademark is not dispositive as to whether Pacific owns the trademark such that Flexon has no right in a similar mark. Rather, section 1065 provides an exception to the registered mark where it "infringes a valid right acquired under the law of any State." 15 U.S.C. § 1065. What is in dispute here is the effect of Pacific's registration and whether it protects the trademark rights at issue in this case. Because the result of the registration is subject to a factual inquiry, it is not appropriate at this stage of the proceedings for the court to consider the implications of the ELITE registered trademark, incontestable or not.

### B.    15 U.S.C. § 1125(a) Claim Requirements

Additionally, Flexon has adequately stated a claim on which relief can be granted. "[T]o prevail on a Lanham Act claim, a plaintiff must prove the existence of a trademark and the subsequent use of that mark by another in a manner likely to create consumer confusion." *Comedy III Prods., Inc. v. New Line Cinema*, 200 F.3d 593, 594 (9th Cir. 2000); *see also Brookfield*, 174 F.3d at 1046. It is not necessary for a trademark to be registered to recover under 15 U.S.C. § 1125(a). *New W. Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1198 (9th Cir. 1979). Rather, the "dispositive question is whether the party has a reasonable interest to be protected." *Id*. (citations omitted).

To prove that a valid, senior right was acquired under state law, Flexon must demonstrate: (1) that its use of the mark began before Pacific's registration and publication, and (2) there has been continuing use since that time. *Casual Corner Assocs., Inc. v. Casual Stores of Nev., Inc.*, 493 F.2d 709, 712 (9th Cir. 1974). Moreover, senior common law rights may be established nationally, which renders the registered rights ineffective. *See Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005) (affirming a jury verdict where a foreign manufacturer

PAGE 6 OPINION & ORDER

established nationwide senior rights over an incontestable mark through advertising and promotions).

Here, Flexon alleges in its complaint that it has used its unregistered ELITE trademark continuously and on a nationwide basis since 1997. Flexon's use precedes Pacific's trademark registration in 2002. Taking these allegations as true, Flexon has sufficiently pled, under the liberal notice pleading standards, that it has a protectable senior interest in its unregistered trademark that is being violated by Pacific. As such, dismissing the 15 U.S.C. 1125(a) claim is inappropriate.

## CONCLUSION

For the reasons discussed above, I DENY defendant's Amended Motion to Dismiss (#22). IT IS SO ORDERED.

DATED this  3rd  day of February, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court